**In re Susan D. WHITEHEAD, Debtor.**

No. 01–2024–9P7.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

March 29, 2002.

Marshall L. Cohen, Ft. Myers, FL, for debtor.

Thomas S. Heidkamp, Ft. Myers, FL, trustee.

Holly H. Wilhelmus, Evansville, IN, for United Commercial Leasing Service, Inc.

## ORDER OVERRULING OBJECTIONS TO CLAIM OF EXEMPTION

### (Doc Nos. 35 & 37)

ALEXANDER L. PASKAY, Bankruptcy Judge.

The matters under consideration in this Chapter 7 case are two objections to the claim of exemption asserted by Susan D. Whitehead (Debtor). One objection was filed by Thomas Heidkamp, the duly appointed Chapter 7 Trustee (Trustee) and the other by United Commercial Leasing Service, Inc. (United Commercial), a creditor of the Debtor.

It is the contention of the Trustee that the Trustee disputes the valuation of the property claimed as exempt and is having appraised (sic). In addition, the Trustee contends that (1) the personal property exemption exceeds the value authorized by the Florida Constitution; and (2) the "Trustee disputes the debtor's entitlement in the homestead as she was not and is not a resident of Florida and/or she did not meet the elements to claim the real property homestead if it is determined she is a resident of Florida." (sic).

United Commercial, who joined in the Trustee's objection, basically relies on the grounds asserted by the Trustee. The Objections were filed on June 29, 2001 and July 6, 2001, respectively.

In due course, the Debtor filed a Response to the Objection to the claim of exemptions. She contends that she is awaiting appraisal of the property by the Trustee and she disagrees with the Trustee's claim that she is not a resident of the State of Florida.

The matter was set for final evidentiary hearing and was basically limited to receive evidence on the issue of whether or not the Debtor is entitled to use the exemption laws under the State of Florida based on the ultimate fact to be determined of whether or not she was a bona fide resident or domiciled in the State of Florida for the 180 days immediately preceding the date of the filing of the Petition, or for the longer portion of such 180 day period than in any other place. 11 U.S.C. § 522(b)(2)(A).

The facts relevant to this limited issue, as established at the final evidentiary hearing, are as follows. The Debtor, a native of the State of Indiana, resided in Sullivan, Indiana until the fall of 2000. Upon her visit to Florida, the Debtor, who is a widow, signed a contract to purchase a home located at 4315 South West 19th Place, Cape Coral, Florida, on September 22, 2000 (Trustee's Ex. 40). The sale was closed on October 12, 2000. See Settlement Statement and Warranty Deed (Trustee's Exhs. 5 & 17). Shortly thereafter, the Debtor obtained employment in the State of Florida as a school teacher.

The record reveals that during the relevant period, that is the six months preceding the date of the filing of the Petition for Relief in this Court, on February 9, 2001, she was actually present in the State of Florida as follows:

| | |
|---|---|
| September 2000 | 4 days |
| October 2000 | 16 days |
| November 2000 | 22 days |
| December 2000 | 22 days |
| January 2001 | 31 days |
| February 2001 | 8 days (prior to filing on 2/9/01) |

Her total presence in Florida was 103 days. Although she was also here in September for four days, it is clear that she did not reside in Florida at that time and did not purchase the Florida residence until mid-October 2000. Although she did not sell her former residence in Indiana, the residence in fact was ultimately abandoned by her when she deeded the property back to the mortgagee in lieu of foreclosure because she could not keep up the cost of maintaining the property, which required monthly mortgage payments of $5,000 and annual real estate taxes of $14,000.

While she received from the insurance company when she lost her husband approximately $1.7 million, five and one half years earlier, at the time she moved to Florida what remained of the insurance proceeds was approximately $100,000, which was used as part of the purchase price of her current residence in Cape Coral.

She opened two bank accounts in Florida after she moved to Cape Coral (Trustee's Exh. 11). She also opened a bank account at Fifth Third Bank in Indiana when she accepted a temporary substitute teaching position in the Spring of 2001, where she deposited her paychecks received while she was in Indiana. She selected Fifth Third Bank because it also had branches in Florida. At that time she stated her address was in Indiana. She is currently employed in Florida as a preschool teacher.

At the time she filed the Petition, her automobile still had an Indiana registration and she still received her mail in Indiana. On her 2000 tax return, she indicated her address was the Indiana address (Trustee's Exh. 7). Her physicians were and still are in Indiana and she also had an attorney in Indiana although she engaged the services of local counsel when she filed her Petition in this Court. Based on this evidence, it is the Trustee's contention that she did not reside in Florida for the requisite period of time and, therefore, her claim of exemption of the homestead should be rejected.

■ The protection of homestead in Florida is based on Article X, Section 4(a)(1) of the Florida Constitution which provides that "there shall be exempt from forced sale under process of any court ... the following property owned by a natural person: (1) a homestead ... under which the exemption shall be limited to the residence of the owner or the owner's family; ..."

The courts of Florida often construe this constitutional provision to be remedial and as a matter of public policy should be liberally construed in favor of the protection of the family home. In the case of *Snyder v. Davis,* 699 So.2d 999 (Fla.1997), the Supreme Court of Florida described the purpose of the State's policy concerning homestead as follows:

> As a matter of public policy, the purpose of the homestead exemption is to promote the stability and welfare of the state by securing to the householder a home, so that the homeowner and his or her heirs may live beyond the reach of financial misfortune and the demands of creditors who have given credit under such law.

*Id.* at 1002.

There are facts that have been established from which one might infer that the Debtor is still a resident of Indiana be-

cause she maintained continued contact with Indiana. This is however, understandable and readily explainable since her children live in Indiana. And, it is more than normal that she would visit Indiana from time to time, like she did during the relevant period of time, to attend the graduation of her daughter and two scheduled weddings. The fact that she maintains contact with her physician and had an attorney in Indiana is without any significance. It is certainly understandable that she would utilize the services of physicians in Indiana during her visits, for they were her doctors during practically all of her adult life.

Considering the Debtor's actual physical presence in Florida and her position as a teacher, as well as the fact that she effectively abandoned the former residence in Indiana, these factors certainly support her claim of homestead. As indicated above, however, it is equally true that the evidence in this record tends to support the proposition urged by the Trustee that she was not a bona fide residence of Florida during the relevant period before she filed her Petition in this Court.

■ It can no longer be gainsaid that the burden of proof to sustain an objection to a debtor's claim of exemption is clearly on the party challenging the claim. Thus, in order to prevail, the plaintiff in this instance, the Trustee has the burden to establish with a preponderance of the evidence that the Debtor was not in fact a bona fide resident of Florida during the relevant period of time, and in turn would not be entitled to enjoy the benefits of the homestead granted by Article X, Section 4 of the Florida Constitution. It was noted earlier that the constitutional provision dealing with homestead shall be liberally construed in favor of the debtor and strictly against the one challenging the claim.

Applying these principles to the facts of this case, as established at the trial, it is clear that if the evidence on the issue of entitlement is in equilibrium at most, and equally supports the homestead claim and the claim of the Trustee who challenged the claim, the challenge must be rejected, and the Debtor's right to homestead protection must be recognized.

In sum, this Court is satisfied that the Trustee and United Commercial failed to establish, with the requisite degree of proof, that the Debtor's claim to homestead exemption of the property in Cape Coral is not exempt. Therefore, both objections should be overruled.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Claim of Exemption be, and the same is hereby, overruled. It is further

ORDERED, ADJUDGED AND DECREED that United Commercial Leasing Service, Inc.'s Joinder in Trustee's Objection to Claim of Exemption be, and the same is hereby, overruled. It is further

ORDERED, ADJUDGED AND DECREED that the property located at 4315 South West 19th Place, Cape Coral, Florida be, and the same is hereby, exempt pursuant to Article X, Section 4(a)(1) of the Florida Constitution.